IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BATES; GREGORY GRICE; ALISHA OLIVER; JEFFREY TATE; DARCI RONAN; KAMI JACKSON and STEPHEN RAMOS, Individually and on behalf of and all others similarly situated; | § § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO: 2:17-cv-174 |
| FIRED UP HOLDING COMPANY, INC.; RICHARD KEVIN FOOTE; R TEQUILA ACQUISITION, LLC; CHALAK GROWTH CAPITAL FUND, LLC; CHALAK CAPITAL PARTNERS, LLC; GURDEV SINGH GILL, M.D.; and RAJEEV SINGH GILL; | § § § § § § § § § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT

Plaintiffs Michael Bates, Gregory Grice, Alisha Oliver, Jeffrey Tate, Darci Ronan, Kami Jackson and Stephen Ramos, individually and on behalf of all others similarly situated, (collectively "Plaintiffs" for their Complaint against Fired Up Holding Company Inc., Richard Kevin Foote, R Tequila Acquisition, LLC, Chalak Growth Capital Fund, LLC, Chalak Capital Partners, LLC, Gurdev Singh Gill, M.D., and Rajeev Singh Gill (collectively "Defendant") state and allege as follows:

## I.    SUMMARY

1.    Defendants jointly operated and controlled four restaurants doing business in Amarillo and Lubbock, Texas as Ruby Tequila's Mexican Kitchen.

2.      In an astonishing disregard for federal law, not to mention human decency, without warning or notice, Defendants closed down all four restaurants on July 26, 2017, terminating hundreds of employees.

3.      Adding insult to injury, Defendants have completely failed to pay these employees for several weeks during which they worked immediately prior to closure of the restaurants.

4.      Defendants' reprehensible and unlawful conduct has caused widespread harm to a large group of Panhandle citizens who expected nothing more than to be paid fairly and lawfully for their work.

5.      Some affected employees have lost their homes or face eviction, have been unable to pay their bills, and cannot even get unemployment benefits because their employer failed to pay their unemployment taxes.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction on the state law claims of plaintiffs Kami Jackson, Amanda Lee, and Jaime Parsley pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in the Northern District of Texas because Defendants engage in business here and the Plaintiffs reside here.

## III.      THE PARTIES

**A.      Plaintiffs**

9.      Plaintiff Michael Bates is a resident of Lubbock, Texas.  Mr. Bates's written consent to this action was previously filed.

10.     Plaintiff Gregory Grice is a resident of Amarillo, Texas.  Mr. Grice's written consent to this action was previously filed.

11.     Plaintiff Alisha Oliver is a resident of Amarillo, Texas.  Ms. Oliver's written consent to this action was previously filed.

12.     Plaintiff Jeffrey Tate is a resident of Lubbock, Texas.  Mr. Tate's written consent to this action was previously filed.

13.     Plaintiff Darci Ronan is a resident of Lubbock, Texas.  Ms. Ronan's written consent to this action was previously filed.

14.     Plaintiff Stephen Ramos is a resident of Lubbock, Texas.  Mr. Ramos's written consent to this action was previously filed.

15.     Plaintiff Kami Jackson is a resident of Lubbock, Texas.  Ms. Jackson's written consent to this action was previously filed.

16.     Opt-in Plaintiff Jared Andrews is a resident of Amarillo, Texas.  Mr. Andrew's written consent to this action was previously filed.

17.     Opt-in Plaintiff Alexandria Bailey is a resident of Amarillo, Texas.  Ms. Bailey's written consent to this action was previously filed.

18.     Opt-in Plaintiff Christopher Brantly is a resident of Lubbock, Texas.  Mr. Brantly's written consent to this action was previously filed.

19.     Opt-in Plaintiff Kaleb Brazille is a resident of Amarillo, Texas.  Mr. Brazille's written consent to this action was previously filed.

20.     Opt-in Plaintiff Kendrick Brown is a resident of Amarillo, Texas.  Mr. Brown's written consent to this action was previously filed.

21.      Opt-in Plaintiff Emily Cain is a resident of Lubbock, Texas.  Ms. Cain's written consent to this action was previously filed.

22.      Opt-in Plaintiff Ashley Carter is a resident of Lubbock, Texas.  Ms. Carter's written consent to this action was previously filed.

23.      Opt-in Plaintiff Eve Duck is a resident of Lubbock, Texas.  Ms. Duck's written consent to this action was previously filed.

24.      Opt-in Plaintiff Brendon Elliott is a resident of Lubbock, Texas.  Mr. Elliott's written consent to this action was previously filed.

25.      Opt-in Plaintiff Kori Fielding is a resident of Amarillo, Texas.  Ms. Fielding's written consent to this action was previously filed.

26.      Opt-in Plaintiff Maggie Foust is a resident of Wolfforth, Texas.  Ms. Foust's written consent to this action was previously filed.

27.      Opt-in Plaintiff John Gutierrez is a resident of Amarillo, Texas.  Mr. Gutierrez's written consent to this action was previously filed.

28.      Opt-in Plaintiff Fidel Guzman is a resident of Amarillo, Texas.  Mr. Guzman's written consent to this action was previously filed.

29.      Opt-in Plaintiff Jane Hawkins is a resident of Amarillo, Texas.  Ms. Hawkin's written consent to this action was previously filed.

30.      Opt-in Plaintiff Timothy Heider is a resident of Amarillo, Texas.  Mr. Heider's written consent to this action was previously filed.

31.      Opt-in Plaintiff Emily Hopson is a resident of Lubbock, Texas.  Ms. Hopson's written consent to this action was previously filed.

32.     Opt-in Plaintiff Doni Lomax is a resident of Yukon, Oklahoma.  Ms. Lomax's written consent to this action was previously filed.

33.     Opt-in Plaintiff Dillon Lowery is a resident of Canyon, Texas.  Mr. Lowery's written consent to this action was previously filed.

34.     Opt-in Plaintiff Chance Lytle is a resident of Amarillo, Texas.  Mr. Lytle's written consent to this action was previously filed.

35.     Opt-in Plaintiff Barbara Martin is a resident of Amarillo, Texas.  Ms. Martin's written consent to this action was previously filed.

36.     Opt-in Plaintiff Andrew Martinez is a resident of Lubbock, Texas.  Mr. Martinez's written consent to this action was previously filed.

37.     Opt-in Plaintiff Elisa McDonald is a resident of Amarillo, Texas.  Ms. McDonald's written consent to this action was previously filed.

38.     Opt-in Plaintiff Sara Middlebrook is a resident of Amarillo, Texas.  Ms. Middlebrook's written consent to this action was previously filed.

39.     Opt-in Plaintiff Michael Perez-De Leon is a resident of Lubbock, Texas.  Mr. Perez-Deleon's written consent to this action was previously filed.

40.     Opt-in Plaintiff Camden Powers is a resident of Amarillo, Texas.  Mr. Power's written consent to this action was previously filed.

41.     Opt-in Plaintiff Brianna Ramirez is a resident of Amarillo, Texas.  Ms. Ramirez's written consent to this action was previously filed.

42.     Opt-in Plaintiff Juan Ramirez is a resident of Amarillo, Texas.  Mr. Ramirez's written consent to this action was previously filed.

43.     Opt-in Plaintiff Olivia Ramirez is a resident of Amarillo, Texas.  Ms. Ramirez's written consent to this action was previously filed.

44.     Opt-in Plaintiff Alegra Rodriguez is a resident of Lubbock, Texas.  Ms. Rodriguez's written consent to this action was previously filed.

45.     Opt-in Plaintiff Arturo Ruiz is a resident of Amarillo, Texas.  Mr. Ruiz's written consent to this action was previously filed.

46.     Opt-in Plaintiff Ricardo Ruiz is a resident of Amarillo, Texas.  Mr. Ruiz's written consent to this action was previously filed.

47.     Opt-in Plaintiff Juan Salazar is a resident of Canyon, Texas.  Mr. Salazar's written consent to this action was previously filed.

48.     Opt-in Plaintiff Erica Sanchez is a resident of Amarillo, Texas.  Ms. Sanchez's written consent to this action was previously filed.

49.     Opt-in Plaintiff Andy Shackelford is a resident of Amarillo, Texas.   Mr. Shackelford's written consent to this action was previously filed.

50.     Opt-in Plaintiff Bobby Turner is a resident of Lubbock, Texas.  Mr. Turner's written consent to this action was previously filed.

51.     Opt-in Plaintiff Seth Valdivez is a resident of Amarillo, Texas.  Mr. Valdivez's written consent to this action was previously filed.

52.     Opt-in Plaintiff Angela Valdivez is a resident of Amarillo, Texas.  Ms. Valdivez's written consent to this action was previously filed.

53.     Opt-in Plaintiff Aidan Waddell is a resident of Amarillo, Texas.  Mr. Waddell's written consent to this action was previously filed.

54.     Opt-in Plaintiff Candace Wagoner is a resident of Amarillo, Texas.  Ms. Wagoner's written consent to this action was previously filed.

55.     Opt-in Plaintiff Pamela Wheeler is a resident of Amarillo, Texas.  Ms. Wheeler's written consent to this action was previously filed.

56.     Opt-in Plaintiff Dustin Young is a resident of Amarillo, Texas.  Mr. Young's written consent to this action was previously filed.

57.     Opt-in Plaintiff Jaimee Blaine is a resident of Amarillo, Texas.  Ms. Blaine's written consent to this action was previously filed.

58.     Opt-in Plaintiff Briana Holland is a resident of Lubbock, Texas.  Ms. Holland's written consent to this action was previously filed.

59.     Opt-in Plaintiff Aaron Garcia is a resident of Amarillo, Texas.  Mr. Garcia's written consent to this action was previously filed.

60.     Opt-in Plaintiff Freddy Ramirez is a resident of Lubbock, Texas.  Mr. Ramirez's written consent to this action was previously filed.

61.     Opt-in Plaintiff Jayme Parsley is a resident of Levelland, Texas.  Ms. Parsley's written consent to this action was previously filed.

62.     Opt-in Plaintiff Elizabeth Braid is a resident of Lubbock, Texas.  Ms. Braid's written consent to this action was previously filed.

63.     Opt-in Plaintiff Amanda Lee is a resident of Lubbock, Texas.  Ms. Lee's written consent to this action was previously filed."

**B.     The Collective under Section 216(b) of the Fair Labor Standards Act**

64.     The collective under Section 216(b) of the FLSA is defined as follows:

All persons who worked at any Ruby Tequila's Mexican Kitchen in Amarillo, Texas or Lubbock, Texas, or who worked at the corporate headquarters of Fired Up Holding Company Inc. on or about July 26, 2017 and who timely file their written consent to join this suit.

## C.     The Federal Rule of Civil Procedure Rule 23 Class

65.     The Rule 23 class is defined as follows:

All persons who worked at any Ruby Tequila's Mexican Kitchen in Amarillo, Texas or Lubbock, Texas, on or about July 26, 2017.

## D.     Individuals Common Law Claims

66.     In addition to being members of the FLSA Collective, the following persons worked at the corporate offices of Fired Up Holding Company Inc. on or about July 26, 2017 and assert individual common-law claims related to non-payment of earned compensation and benefits: Kami Jackson, Amanda Lee, and Jaime Parsley.

## E.     Defendants

67.     Defendant Fired Up Holding Company Inc. is a domestic for-profit corporation. This Defendant was served with process on September 9, 2017, but has not filed an answer or other responsive pleading..

68.     Defendant Richard Kevin Foote is an individual who resides in Lubbock, Texas. This Defendant has filed an answer.

69.     Defendant R Tequila Acquisition, LLC is a domestic limited liability company. This Defendant has filed an answer.

70.     Defendant Chalak Growth Capital Fund, LLC is a Texas limited liability company. Service of process may be had on its registered agent:  Akash Bhakta, 18900 Dallas, Parkway, Suite 125, Dallas, TX  75287 or wherever he may be found.

71.     Defendant Chalak Capital Partners, LLC is a Texas limited liability company. Service of process may be had on its registered agent:  Akash Bhakta, 18900 Dallas, Parkway, Suite 125, Dallas, TX  75287 or wherever he may be found.

72.     Defendant Gurdev Singh Gill, M.D. is an individual who resides in Lubbock, Texas.  This Defendant's Motion to Dismiss is pending.

73.     Defendant Rajeev Singh Gill is an individual who resides in Lubbock, Texas. This Defendant's Motion to Dismiss is pending.

## IV.     COVERAGE

### A.     FLSA

74.     Each Defendant is an enterprise that engages in commerce or in the production of goods for commerce under the Fair Labor Standards Act ("FLSA"). 29 U.S.C.A. § 201 et seq.

75.     Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to each current or potential plaintiff in this lawsuit.

76.     Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

77.     Each Defendant operates in interstate commerce.

78.     Each Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

79.     All Defendants were joint employers and/or acted as a single business enterprise for the purposes of the FLSA.

### B.     WARN Act

80.     On or about July 26, 2017, each Defendant was an employer under the Worker Adjustment and Retraining Notification ("WARN") Act.  29 U.S.C.A. § 2001(a) (1)(A); 29 C.F.R. § 639.3(a).

81.     On or about July 26, 2017, Plaintiff and potential members of the Rule 23 class were affected employees of a mass layoff and suffered from an employment loss.

82.     At least 33 percent of the active employees, excluding part-time employees and at least 50 employees, excluding part-time employees, were terminated at each single site of employment (i.e., each Ruby Tequila's Mexican Kitchen location) on or about July 26, 2017.

83.     All Defendants were joint employers and/or acted as a single business enterprise for the purposes of the WARN Act.

## V.     FACTUAL ALLEGATIONS

84.     Plaintiffs and those they seek to represent worked either as (a) salaried or hourly employees at Ruby Tequila's Mexican Kitchen locations in Amarillo, Texas and Lubbock, Texas, on or about July 26, 2017, or (b) worked at the corporate headquarters of Fired Up Holding Company Inc. in Lubbock, Texas on or about July 26, 2017.

85.     Based on information and belief, on or about May 1, 2017 Fired Up Holding Company Inc. ("Fired Up") contracted with R Tequila Acquisition, LLC ("RTA") to purchase all or a portion of the restaurants operating as Ruby Tequila's Mexican Kitchen.

86.     Based on information and belief, the sale was never closed.

87.     Even so, beginning in early May, 2017, Fired Up, Richard Kevin Foote, and Magdalena Baier (together referred to as the "Fired Up Group") began to assume responsibility for some of the day-to-day operations of the restaurants.

88.     However, agents of RTA and Chalak Growth Capital Fund, LLC, and Chalak Capital Partners, LLC and/or its affiliates (together the "RTA Group") as well as Gurdev Singh Gill, M.D. and his son Rajeev Singh Gill (together the "Gills") continued to exercise substantial operational control and supervision over restaurant operations and the individuals working at them up to and including July 26, 2017.

89.     Indeed, until they closed, the restaurants continued operating under the liquor license issued to RT Beverage of Texas, LLC, which, based on information and belief, is a subsidiary and/or affiliate of the RTA Group.

90.     On information and belief, Defendant Gurdev Singh Gill, M.D. was a shareholder and officer of Fired Up Holding Company Inc. at all relevant times.  The Gills were frequently on site at the restaurants as well as the corporate headquarters of Fired Up Holding Company Inc. and directed the managers and staff as to how to perform their jobs and supervised their work.

91.     The Gills controlled the rate and method of payment of the managers and staff at the restaurant locations and corporate headquarters of Fired Up Holding Company Inc., even talking to managers and staff about concerns that they would not be paid and instructing managers as to what to say to staff should they be concerned about not being paid.

92.     The Gills also had the power to hire and fire and were frequently at the corporate headquarters of Fired Up Holding Company Inc. and restaurant locations disciplining and instructing managers and staff as to performance of job duties and dictating and addressing concerns regarding pay practices.

93.     Moreover, Plaintiffs and potential FLSA opt-in plaintiffs performed work activities for the benefits of all Defendants, which suffered or permitted such work to be performed.  Plaintiffs

and potential FLSA opt-in plaintiffs also worked compensable overtime, which Defendants attempted to avoid paying by, among other things, sending the employee to work at another restaurant once he or she had worked 40 hours, and not paying overtime premiums claiming the overtime was worked for another employer.

94.     On or about July 26, 2017, each of the restaurants was closed and the employees prohibited from entering the premises.  Employees were not provided with any notice, written or otherwise, of the mass layoff.  In addition, employees were not paid at all for three, and in some cases, four weeks of work actually performed.

## VI.     CAUSES OF ACTION

### A.     FLSA Claims

95.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

96.     Plaintiffs and Potential FLSA Collective Members have been denied minimum wage and overtime compensation for certain hours worked during the final three to four weeks during which the restaurants were operating.

97.     Defendants have suffered, permitted, and/ or required Plaintiffs and Potential FLSA Collective Members to provide services for their benefits.

98.     Defendants have denied them compensation required by law for their hours worked.

99.     Plaintiffs and Potential FLSA Collective Members performed the same or similar work.

100.     Plaintiffs and Potential FLSA Collective Members are similar in terms of pay structures and the denial of pay.

FIRST AMENDED COMPLAINT                                                                 Page 12

101.     Defendants' failure to pay compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the employees.

102.     Plaintiffs' experiences are typical of the experiences of the Potential FLSA Collective Members.

103.     The specific job titles or precise job responsibilities of each Potential FLSA Collective Members do not prevent collective treatment.

104.     All Potential FLSA Collective Members, irrespective of their particular job requirements, are entitled to compensation at the minimum wage for all hours worked during a workweek and for overtime premiums at one-and-one-half the minimum wage.

105.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

106.     To the extent Defendants took a tip credit for employees who received a cash wage of less than the minimum wage, Defendants' invalidated the tip pool at each restaurant by (a) failing to pay a direct cash wage of at least $2.13 per hour for each hour worked during one or more workweeks; (b) failing to ensure that the direct cash wage plus any tips actually received exceeded the minimum wage and compensated for any overtime premiums due; and/or (c) sharing tips with owners and/or managers of the restaurants.

107.     The FLSA Collective is properly defined as follows:

All persons who worked at any Ruby Tequila's Mexican Kitchen in Amarillo, Texas or Lubbock, Texas, or who worked at the corporate headquarters of Fired Up Holding Company Inc. on or about July 26, 2017 and who timely file their written consent to join this suit.

**B.     FLSA Collective Allegations**

108.     Plaintiffs incorporate all allegations contained in the preceding paragraphs.

109.     At all relevant times Plaintiffs and Potential Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

110.     Defendants' failure to pay compensation to Plaintiffs and Potential Class Members for all hours worked violates the FLSA.

111.     Accordingly, Plaintiffs and Potential Class Members are entitled to compensation for all hours worked at the minimum wage and overtime premiums when overtime hours were worked.

112.     Additionally, Plaintiffs and Potential Class Members are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by 29 U.S.C. § 216(b).

113.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and Potential Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

114.     Alternatively, should the court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiffs and Potential Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

## C.     WARN Act Claims

115.      Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

116.      Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee. During a 30-day or 90-day period from Plaintiffs' employment loss on or about July 26, 2017, Defendants Fired Up Holding Company Inc., Richard Kevin Foote, Chalak Growth Capital Fund, LLC, and Chalak Capital Partners, LLC ("WARN Act Defendants") ordered/executed a "Mass Layoff" at the Amarillo and Lubbock, Texas sites of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

117.      One-third of the employees at the Amarillo and Lubbock, Texas sites of employment, totaling 50 or more, suffered an employment loss as a result of that Mass Layoff.

118.      Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with WARN Act Defendants' Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e).

119.      Plaintiffs and the Class Members were employees of WARN Act Defendants who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendants and/or should have been reasonably expected by WARN Act Defendants to experience an employment loss as a result of WARN Act Defendants Amarillo and Lubbock, Texas Mass Layoff made the subject matter of this lawsuit.

120.      Plaintiffs and the Class Members were not provided with 60 calendar days advance written notice by WARN Act Defendants of their planned/upcoming employment loss, Mass Layoff.

FIRST AMENDED COMPLAINT                                                                Page 15

121.     Plaintiffs and the Class Members were not provided with any written notice by WARN Act Defendants prior to their employment loss.

122.     Plaintiffs and the Class Members were not provided with  written notice, at any time, of each and every of the following items in connection with their  employment loss: (a) a statement as to whether the planned action is expected to be permanent or temporary and, if the entire site is to be closed, a statement to that effect; (b) the expected date when the mass layoff will commence and the expected date when the individual employee will be separated; (c) an indication whether or not bumping rights exist; (d) the name and telephone number of a company official to contact for further information.

123.     On information and belief, WARN Act Defendants did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Amarillo and Lubbock, Texas Mass Layoffs made the subject matter of this lawsuit.

124.     As a result of WARN Act Defendants' violations of the WARN Act, Plaintiffs and the Class Members have suffered damages. Plaintiffs and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

**D.     WARN Act Class Allegations**

125.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

126.     Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

127.      Plaintiffs bring this action on behalf of themselves and all other similarly situated employees.

128.      Plaintiffs seek to represent a Class initially defined as: "All persons who worked at any Ruby Tequila's Mexican Kitchen in Amarillo, Texas or Lubbock, Texas, on or about July 26, 2017" (the "Class Members").

129.      Plaintiffs reserve the right to seek to expand, narrow or modify the class definition pursuant to a motion for class certification.

130.      Plaintiffs and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

131.      Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

132.      On information and belief, the Class Members exceed 400 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendants' records.

133.      There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members.

134.      The questions of law and fact common to the class arising from Defendants' actions/omissions include, but are not limited to, the following:

      a.   Whether the provisions of the WARN Act apply;

    b.   Whether Defendants' employees at the Amarillo and Lubbock, Texas employment sites experienced an employment loss in connection with a "Mass Layoff" under the WARN Act;

    c.   Whether Defendants failed to provide the notices required by the WARN Act;

    d.   Whether Defendants can avail themselves of any provisions of the WARN Act permitting lesser periods of written notice; and

    e.   The appropriate method to calculate damages under the WARN Act.

135.    The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

136.    A class action is the superior method for the fair and efficient adjudication of this controversy.

137.    Defendants have acted or refused to act on grounds generally applicable to the class.

138.    The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

139.    Plaintiffs are affected former employees of Defendants who experienced an employment loss during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the written notice required by the WARN Act.

140.     They are, therefore, members of the class.

141.     Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation.

142.     Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members.

143.     Further, Plaintiffs' claims are typical of the claims of all members of the Class, and Plaintiffs will fairly and adequately protect the interests of the absent members of the class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

144.     Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

### VII.     STATE LAW CLAIMS OF CERTAIN PLAINTIFFS

145.     Plaintiffs Kami Jackson, Amanda Lee, and Jaime Parsley (the "State law Plaintiffs") who worked in the corporate office of Fired Up in Lubbock Texas, assert the following additional State law claims:

**A.     Breach of Contract**

146.     Fired Up Holding Company Inc. agreed to pay the State law Plaintiffs a fixed salary during each pay period they were employed forming an enforceable contract for so long as they were employed.

147.     Those salary amounts were never modified.

FIRST AMENDED COMPLAINT                                                                 Page 19

148.     Fired Up Holding Company Inc. failed to pay the salaries of the State law Plaintiffs for the last three to four weeks of their employment.

149.     As such, Defendant Fired Up Holding Company Inc. breached their contract with the State law Plaintiffs, and such breach has caused Plaintiffs' damages.

**B.     Quantum Meruit**

150.     During the last three to four weeks of their employment, the State law Plaintiffs provided valuable services to the Defendant Fired Up Holding Company Inc., which the Defendant Fired Up Holding Company Inc. accepted.

151.     The Defendant Fired Up Holding Company Inc. has reasonable notice that the State law Plaintiffs expected to be compensated for those services at their customary rate of pay.

152.     Defendant Fired Up Holding Company Inc. failed to do so.

## VIII.   JURY DEMAND

153.     Plaintiffs demand a jury trial.

## IX.     PRAYER

WHEREFORE, Plaintiffs ask that the Court issue a summons for Defendants to appear and answer, and that Plaintiffs and the Class Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a.     Conditional certification of a collective action under the FLSA and the provision of notice to those meeting the FLSA Collective definition;

b.     An order certifying that the Amarillo and Lubbock, Texas actions may be maintained as class actions under Federal Rule of Civil Procedure 23;

c.     Designation of Jeff Blackburn, Blackburn & Brown, Jeremi K. Young and Tim Newsom, Young & Newsom, P. C. as Class Counsel for all classes;

    d.       All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

    e.       Compensatory damages for all State law claims;

    f.       Pre-judgment and post-judgment interest;

    g.       Costs;

    h.       Reasonable attorneys' fees; and

    g.       All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully Submitted:

YOUNG & NEWSOM, P.C.
1001 S. Harrison St., Suite 200
Jeremi K. Young
State Bar No. 24013793
Tim Newsom
State Bar No. 00784677
Collin J. Wynne
State Bar No. 24068815
Amarillo, Texas 79101
(806) 331.1800
Fax:  (806) 398.9095
jyoung@youngfirm.com
tim@youngfirm.com
collin@youngfirm.com


By: /s/ Jeremi K. Young
        Jeremi K. Young

BLACKBURN & BROWN, LLP
718 S.W. 16th Avenue
Jeff Blackburn
State Bar No. 02385400
Ryan Brown
State Bar No. 24073967
Amarillo, Texas 79101
(806) 371.8333
Fax:  (806) 350.7716

*ATTORNEYS FOR PLAINTIFFS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of November, 2017, the foregoing document was electronically transmitted to the Clerk of the Court for filing via the Court's ECF System, and service of Notice of Electronic Filing was made to the ECF registrants shown below:

Benjamin Davidson: bdavidson@mhbg.com
Mary Kathleen Davidson: kdavidson@mhbg.com
John B. Brown:  john.brown@ogltreedeakins.com
Stephanie Johnson Manning:  Stephanie.manning@ogltreedeakins.com

I hereby certify that on the 28th day of November, 2017, a true and correct copy of the foregoing documents was delivered to the other parties as shown:

***<u>VIA FIRST CLASS MAIL</u>:***
Richard Kevin Foote
9103 Juneau
Lubbock, TX  79424

By: /s/ Jeremi K. Young
Jeremi K. Young