IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BATES, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:17-CV-174 |
| FIRED UP HOLDING COMPANY, INC., et al., | § § § § § | |
| Defendants. | § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### TO ISSUE SANCTIONS AGAINST DEFENDANT RICHARD FOOTE

On April 5, 2018, United States Senior District Judge Mary Lou Robinson entered an Order Referring Case to Non-Binding Mediation. [ECF 48]. The order stated, "Counsel for all parties in this action and at least one person with **final** settlement authority for each party shall attend each mediation conference **in person**." *Id*. at 2. Following that Order, the parties filed a Joint Designation of Mediator and Status Report on April 27, 2018, designating a mediator and setting the date and time of mediation; the report was electronically signed by defendant Richard Foote (Foote). [ECF 53]. This case was then referred to the undersigned for pretrial management on May 1, 2018. [ECF 55].

### MEDIATION CONFERENCE AND SURROUNDING EVENTS

A mediation conference was held on July 13, 2018, and the Alternative Dispute Resolution Summary thereafter submitted to the Court on July 20, 2018 shows that Foote did not

attend this conference in direct violation of the Court's April 5, 2018 order. [ECF 78].[1]

According to the Court's docket, beginning on May 3, 2018, mail from the Court sent to Foote at his Lubbock, Texas address on file with the Clerk of the Court began to return as undeliverable. [ECF 56 – 61, 65, 69, 77]. Mail returned to the Clerk on May 7, 2018, which was a copy of the Court's order referring the case to non-binding mediation, came back marked "vacant unable to forward." [ECF 59]. At no time did Foote contact the Clerk to update his current address as required by the local civil rules and Federal Rules of Civil Procedure applicable to this Court. *See* LR 83.14 (Any party proceeding on the party's own behalf is considered to be pro se. Pro se parties must read and follow the local civil rules of this court and the Federal Rules of Civil Procedure.").[2]

At the July 13, 2018 mediation conference, the parties contacted the United States Magistrate Judge's chambers by telephone requesting a status conference, and the Court convened such conference. [ECF 74]. During the conference, the parties and mediator informed the Court that Foote was not present at the mediation and further stated that counsel for Plaintiffs, counsel for the Gill Defendants and the mediator had all been in touch with Foote about the mediation prior to the date of the mediation conference and discussed his attendance at the same.[3] The Court was also informed that the Defendants had voluntarily agreed to pay Foote's portion of the mediation fee.

Based on the parties' request, the Court recessed the conference call with the parties who were present at the mediation and placed three (3) phone calls to different numbers for Foote,

---

[1] Because defendant Foote is appearing pro se in this case, the order's mandate to appear in person applied to him personally and it was incumbent upon him to attend the mediation conference.
[2] Rule 11(a) of the Federal Rules of Civil Procedure requires a plaintiff to provide his current address and contact information to the Court. Additionally, Foote agreed in his answer to provide the Clerk's office with any changes to his address where case-related papers may be served. [ECF 11 at 6].
[3] Additionally, on or about July 10, 2018, Foote contacted the Courtroom Deputy for the undersigned with questions about his participation in the July 13, 2018 mediation. He was directed to contact the various counsel for the parties and/or to file a motion.

including two provided by counsel and/or the mediator during the status conference and the one reflected on the Court's docket sheet. The Court was able to leave voice mail messages at two (2) of the numbers informing Foote that the mediation was ongoing and that he needed to be in attendance.[4]

The Court reconvened the conference, informed the parties of the results of the calls, and asked to be informed if Foote showed up at mediation, to which they agreed.

## SHOW CAUSE ORDER AND HEARING

Later that same day, counsel for Plaintiffs informed the Court that Foote did not attend any part of the mediation conference. Also on the same date, the undersigned issued a Show Cause Order that stated,

> Federal Rule of Civil Procedure 16(f)(1) states that "[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or (C) fails to obey a scheduling or other pretrial order."); *see also* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.").

[ECF 75 at 3]. Further, Foote was ordered to respond in writing by July 23, 2018, at 4:00 p.m., why he should not be sanctioned under Rule 16(f) for his failure to appear and participate in the court-ordered mediation conference, addressing in his written response why sanctions for non-compliance with the District Court's order, as well as the award of attorney's fees, should not be imposed. *Id*. The Court also scheduled a hearing for July

---

[4] The Court later received a call from a woman who had received the voice mail message left at the phone number reflected on the Court's docket, and she stated that she did not know Foote and was not associated with him.

24, 2018, and ordered Foote to appear <u>in person</u> at that hearing in Amarillo, Texas. *Id*.

On July 20, 2018, Foote filed his response to the Show Cause Order citing inability to get to the mediation due to indigency and lack of knowledge of court procedure as his reasons for not appearing at the mediation. [ECF 79]. Foote's response stated he had tried to contact both the Court and counsel for plaintiffs concerning the mediation but received no response. *Id*. He also requested "to attend these hearing (sic) via telephonic communication…." *Id.* The Court interpreted Foote's request as one for "blanket approval to appear via telephone at all hearings or other court-ordered conferences." The Court denied that request and informed Foote that any request to appear telephonically at any future hearings or other court-ordered conferences would require him to file a motion related to the specific future hearing or other court-ordered conference. [ECF 81]. The Court also denied, to the extent it was made, any request to attend by telephone the July 24, 2018 Show Cause Hearing. *Id*. Finally, Foote was ordered to provide his current mailing address or register as an Electronic Case Filing ("ECF") system filer. *Id*.

Foote appeared at the Show Cause Hearing, apologized for his non-appearance at the mediation and again urged the Court to consider his inability to travel to Amarillo on the day of the mediation due to lack of funds and no knowledge of court procedure. Nevertheless, the Court does not find Foote's noncompliance to be substantially justified or that an award of expenses would be unjust. S*ee* Fed. R. Civ. P. 16(f)(1) and (2). Further, as articulated in *Allen v. Travis*, 3:06-CV-1361-M, 2007 WL 1989592, at *6 (N.D. Tex. July 10, 2007),

> Federal courts have the inherent authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43-45, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citations omitted). Toward that end, federal courts are empowered to sanction bad faith conduct occurring during the litigation. *Elliott v. Tilton,* 64 F.3d 215, 216 (5th Cir.1995). Along with the inherent authority to mete out sanctions comes the requirement that these implied powers be exercised with restraint and discretion. *Chambers,* 501

> U.S. at 44 (citing *Roadway Express v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). Inherent powers "may be exercised only if essential to preserve the authority of the court and the sanction must employ" the least possible power adequate to the purpose to be achieved. *Natural Gas Pipeline of Am. v. Energy Gathering Inc.,* 86 F.3d 464, 467 (5th Cir.1996) (citations omitted). In other words, the sanction must "be tailored to fit the particular wrong." *Topalian v. Ehrman,* 3 F.3d 931, 936 n. 5 (5th Cir.1993) (extending the analytical principles for determining sanctions under Rule 11 "across-the-board" to all of the district court's sanction powers).

The Court is of the opinion that a sanction for failing to follow the Court's April 5, 2018 Order Referring Case to Non-Binding Mediation is appropriate.

Following the hearing, the Court contacted the mediator's office to determine how the mediation fees in the case were apportioned among the parties and which parties had paid their share of the fees. Information received from the mediator's office showed that plaintiffs' counsel, Mr. Jeremi Young, paid Foote's portion of the mediator's fees by paying $2,714.93. Each of the defense counsel, Mr. John Brown and Mr. Benjamin Davidson, paid $1,357.46 and $1,357.47 respectively.[5]

Based on the above, the undersigned recommends that Foote be ordered to pay, within such time as the District Judge may direct, $1357.46, his one fourth (1/4) share of the mediator's fee, to Young & Newsom, P.C. to reimburse plaintiff's counsel who paid Foote's portion of the mediation fees.

## RECOMMENDATION

The undersigned recommends to the United States District Judge that Foote be ordered to pay, within such time as the District Judge may direct, $1357.46, his one fourth (1/4) share of the

---

[5] The Court appreciates that the Alternative Dispute Resolution Summary filed by the mediator [ECF 78] indicates fees totaling $5,780.00 and that this amount differs from the total amount received by the mediator to date *i.e.* $5,429.86. It is the Court's understanding, upon information received from the mediator's office, that this latter amount is the actual amount incurred and owed.

mediator's fee, to Young & Newsom, P.C. to reimburse plaintiff's counsel in this case who has previously paid Foote's portion of the mediation fees to the mediator.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 15, 2018.

*[signature]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled ⬜Objections to the Findings, Conclusions and Recommendation.⬜ Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).